laSOL GOTHARD, Judge.
This is an action for medical malpractice involving two blood transfusions in September and October 1979 that plaintiff received as an infant at Ochsner Foundation Hospital. Approximately eighteen years later plaintiff was diagnosed with hepatitis C virus, and was told by doctors that it was likely due to the blood transfused. Plaintiff filed a claim with the Patients’ Compensation Review Board in 1997, within one year from the discovery of the condition. Ochsner filed a petition to allot a number to the case, and urged an exception of prescription based on the prescriptive period for medical malpractice actions contained within LSA-R.S. 9:5628. The trial court granted the exception and dismissed plaintiffs claim. Plaintiff filed a motion for new trial, or in the alternative moved for a hearing on the constitutionality of LSA-R.S. 9:5628. Both motions were denied, and plaintiff appealed to this court.
In an unpublished opinion[1] this court, relying on Boutte v. Jefferson Parish Hospital Service Dist. No. 1, 99-2402 (La.4/11/00), 759 So.2d 45, held that plaintiffs motion raising the constitutional issue by way of a written motion was sufficient to satisfy the requirement that unconstitutionality be specifically pleaded. The Boutte court noted that a successful challenge to the constitutionality of LSA-R.S. 9:5628 would eliminate the grounds for the exception of prescription. Given Dthat finding, the Boutte court remanded the matter for consideration of the constitutionality claim.
In the instant matter, this court followed Boutte. However, because plaintiff failed to serve the Attorney General as required, we remanded the matter to the trial court and ordered that plaintiff be given fifteen days to accomplish the service, before a hearing on the constitutionality.
After remand to the trial court, the plaintiff filed a motion for declaratory judgment in which she reasserted the claim of unconstitutionality and requested service on the Attorney General. However, before the matter was considered, plaintiff filed a “first supplemental memorandum” in which she cited Williams v. Jackson Parish Hospital, 00-3170 (La.10/16/01), 798 So.2d 921. Plaintiff argued that Williams overruled Boutte and found that a plaintiffs action in strict products liability arising out of a defective blood transfusion in not within the scope of LSA-R.S. 9:5628. Thus, the action does not prescribe in three years from the date of the transfusion in cases where the harm from the transfusion is discovered beyond the three years. As to the constitutional issue, plaintiff argued that the discrepancy in the treatment of victims of public mal-practitioners and the victims of private malpractitioners was a disparity of treatment in violation of the state constitutional guarantee of equal protection. After a hearing on the matter, the trial court rendered a judgment in which it denied plaintiffs motion to declare LSA-R.S. 9:5628 unconstitutional, granted the exception of prescription, and denied the motion for new trial. Plaintiff appeals.
*386 In reasons for judgment, the trial court relied on Sewell v. Doctors Hospital, 600 So.2d 577 (La.1992), in which the Louisiana Supreme Court held that strict liability for a defective bed was not covered under the Medical Malpractice Act. The Sewell court also noted that blood is one of the specifically enumerated potentially defective things that is covered by the act. Using that rational, the trial Rcourt found that an action for strict liability for tainted blood sounds in medical malpractice and it therefore prescribed according to the statute.
In deciding the issue, the trial court failed to consider the recent pronouncement of the Supreme Court on this issue that is found in Williams v. Jackson Parish Hospital, supra. In Williams the court overruled the holding in Boutte, which relied on Sewell, and held that all claims made against hospitals in strict products liability arising out of defective blood transfusions that arose before the blood shield statutes enacted in 1982 are governed by LSA-C.C. Article 3492 and not R.S. 9:5628. Williams, supra, 798 So.2d at 932. Thus, as the law stands now, plaintiffs claims of strict liability are not prescribed and the trial court was wrong in so ruling. Thus, we reverse the judgment as it relates to those claims. However, in accordance with Williams, we acknowledge that separate claims made by plaintiff on traditional medical malpractice grounds are prescribed. Id.
Because we have decided this matter on statutory and legal precedent grounds, we find it unnecessary to address constitutional issues raised by plaintiff. We do note, however, that the Williams court found that LSA-R.S.9:5628 is neutral on its face because it is placed as a Title 9 Civil Code ancillary and applies regardless of a provider’s status as qualified or unqualified medical provider under the Medical Malpractice Act. Williams, supra, 798 So.2d at 927.
For the reasons expressed in this opinion, the trial court’s judgment in so far as it grants the exception of prescription for strict liability claims is reversed, and the matter is remanded for further proceedings.

REVERSED IN PART AND REMANDED

. In Re: Medical Review Panel of Keisha Conerly, 01-93 (La.App. 5 Cir 4/24/01), 793 So.2d 574.