865 So.2d 198 (2003)
In re MEDICAL REVIEW PANEL OF Keisha CONERLY.
No. 02-CA-0485.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
C.A. Fleming, III, Metairie, Louisiana, for Plaintiff/Appellant.
Charles F. Gay, Jr., C. Byron Berry, Jr., Adams and Reese, for Defendants/Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD.

ON REMAND FROM THE LOUISIANA SUPREME COURT
SOL GOTHARD, Judge.
This malpractice action has been before this Court previously in In re Medical Review Panel of Conerly, 02-485 (La.App. *199 5 Cir. 11/13/02), 833 So.2d 384. Plaintiff, Keisha Conerly, brought the action after being diagnosed with hepatitis C virus. Conerly alleged she contracted the virus from two blood transfusions she received as an infant at Ochsner Foundation Hospital in 1979. In that opinion we reversed the trial court's judgment granting a defense exception of prescription as to plaintiff's claims of strict liability in accordance with Williams v. Jackson Parish Hospital, 00-3170 (La.10/16/01), 798 So.2d 921. Defendant sought review of that opinion in the Louisiana Supreme Court, and the matter has been remanded to this Court for re-consideration in light of the Supreme Court's new pronouncement in David v. Our Lady of the Lake, 02-2675 (La.7/02/03), 849 So.2d 38.
In David, the court overruled Williams and held that claims in strict liability in tort for the transfusing of blood contaminated with hepatitis C are prescribed pursuant to La. R.S. 9:5628. David v. Our Lady of the Lake, supra, 849 So.2d at 49. Accordingly, we reverse that portion of our prior opinion which allowed the exception of prescription as to the strict liability claims and enter a ruling which affirms the trial court's grant of the prescription and dismisses plaintiff's claim.
In our prior opinion, we pretermitted review of plaintiff's constitutional claim. Plaintiff asserted that La.R.S. 9:5628 is unconstitutional because of the discrepancy between the treatment of victims of public malpractitioners and the treatment of victims of private malpractitioners is a violation of the equal protection guaranty of both the United States and the Louisiana Constitutions. We now consider this argument and find it unpersuasive. We find it is clear from Williams, which found the statute is neutral on its face because it is placed as a Title 9 Civil Code ancillary and applies regardless of a provider's status as qualified or unqualified medical provider under the Medical Malpractice Act, and from David, which applied the statute to an unqualified medical provider that this statute is constitutional. Accordingly, we affirm the trial court's ruling that La.R.S. 9:5628 is constitutional.
For reasons assigned herein, we reverse that portion of our prior opinion in this matter and affirm the trial court's judgment which denied the plaintiff's motion to declare La.R.S. 9:5628 unconstitutional, and granted defendant's exception of prescription.
AFFIRMED.